UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. FORDLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM MUNIZ, et al.,<br><br>    Defendants. | Case No. 15-cv-03108-DMR (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND SERVICE** |

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"),[1] has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials at SVSP have refused to provide him with a Kosher diet that accommodates his Jewish religious beliefs in violation of his constitutional rights. He also alleges that he was denied a Kosher diet while he was previously incarcerated at the California Institute for Men ("CIM") in Chino and the California Substance Abuse and Treatment Facility ("CSATF") in Corcoran. Lastly, Plaintiff alleges that prison officials have "lost [his] property on 3 different occasions and [have] refused to reinburst [sic] [him] for lost property." Dkt. 1 at 5.[2]

---

[1] Plaintiff has informed the court that he is scheduled to be transferred to another prison. Dkt. 4 at 1. However, to date, Plaintiff has not yet notified the court as to whether the transfer has occurred. The court notes that if Plaintiff is transferred to another prison, then it is possible that his claims of injunctive relief may become moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (When an inmate is transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claims for injunctive should be dismissed as moot.). However, such a determination cannot be made until Plaintiff's transfer has taken place.

[2] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

1   Plaintiff has consented to magistrate judge jurisdiction. *Id.* at 4. Therefore, this matter has
2   been assigned to the undersigned Magistrate Judge.
3   In his complaint, Plaintiff names the following Defendants: California Department of
4   Corrections and Rehabilitation ("CDCR") Jewish Chaplain Paul Shleffar; SVSP Warden William
5   Muniz; CIM Jewish Chaplain F. Hadjadj; and CSATF Warden Stu Sherman. Plaintiff only seeks
6   injunctive relief. Specifically, Plaintiff requests to be issued a Kosher diet and to be reimbursed
7   for his lost property.
8   His motion for leave to proceed *in forma pauperis* will be granted in a separate written
9   Order.
10  Venue is proper because certain events giving rise to the claims are alleged to have
11  occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). However,
12  any claims against prison staff at CIM or CSATF must be brought in the proper venue, which is
13  the Eastern District of California, where the both CIM and CSATF are located. *See* 28 U.S.C.
14  § 1391(b) (venue is proper in the district in which (1) any defendant resides, if all of the
15  defendants reside in the same state, (2) the district in which a substantial part of the events or
16  omissions giving rise to the claim occurred, or a substantial part of property that is the subject of
17  the action is situated, or (3) a judicial district in which any defendant may be found, if there is no
18  district in which the action may otherwise be brought). Therefore, Plaintiff's claims against CIM
19  and CSATF employees—including Defendants Hadjadj and Sherman—are DISMISSED without
20  prejudice to Plaintiff asserting them in a complaint filed in the proper venue. *See* 28 U.S.C.
21  § 1406 (court may dismiss or transfer claims where venue is improper).

## DISCUSSION

### I. STANDARD OF REVIEW

24  A federal court must conduct a preliminary screening in any case in which a prisoner seeks
25  redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
26  § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims
27  that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
28  monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se*

pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   LEGAL CLAIMS

### A.   First Amendment Claim

Plaintiff claims that he is Jewish and that he has been denied the appropriate Kosher diet at SVSP.

Inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987). Allegations that prison officials refuse to provide a healthy diet conforming to sincere religious beliefs states a cognizable claim under section 1983 of denial of the right to exercise religious practices and beliefs. *See Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (Jewish inmate claiming denial of kosher diet), *cert. denied*, 510 U.S. 1192 (1994); *McElyea*, 833 F.2d at 198 (same); *Moorish Science Temple, Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982) (Muslim inmate claiming denial of proper religious diet).

Plaintiff states that Defendants Shleffar and Muniz are responsible for denying him Kosher meals at SVSP. This claim is sufficient to proceed against these Defendants.

### B.   Claim Relating to Property Loss

To the extent Plaintiff claims that prison employees at SVSP intentionally or negligently lost his personal property, that claim is DISMISSED. Neither the intentional nor negligent deprivation or destruction of an inmate's property states a claim under section 1983 if the deprivation was random and unauthorized. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property); *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). The availability of an adequate state post-deprivation

3

remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

## CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff's claims against CIM and CSATF employees—including Defendants Hadjadj and Sherman—are DISMISSED without prejudice to Plaintiff asserting them in a complaint filed in the proper venue, as explained above.

2. Plaintiff's complaint states a cognizable First Amendment claim against Defendants Shleffar and Muniz.

3. Plaintiff's claim involving the loss of his personal property is DISMISSED for failure to state a claim for relief.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), a Magistrate Judge jurisdiction consent form, and a copy of this Order to the following Defendants: **CDCR Jewish Chaplain Paul Shleffar and SVSP Warden William L. Muniz.**

The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver

4

form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later. **Defendants shall also respond to the Notice of Assignment of Prisoner Case to a United States Magistrate Judge for Trial by filing a consent/declination form on the date the Answer is due.**

      6.     Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

      a.     No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[3] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

*Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

      c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

    d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8.    All communications by Plaintiff with the court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

7

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: January 20, 2016

_____
DONNA M. RYU
United States Magistrate Judge

United States District Court<br>Northern District of California

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

JOHN F. FORDLEY,

    Plaintiff,

    v.

WILLIAM MUNIZ, et al.,

    Defendants.

Case No. 4:15-cv-03108-DMR

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 20, 2016, I SERVED a true and correct copy(ies) of the Order of Partial Dismissal and Service, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John F. Fordley ID: A56507
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: January 20, 2016

                                                  Susan Y. Soong
                                                  Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU